UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL D. LOFINO,

    Plaintiff,

vs.

BARBARA GIGANTE,

    Defendant.

Case No. 3:23-cv-108

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. No. 8); (2) REMANDING THIS CASE TO THE GREENE COUNTY, OHIO PROBATE COURT; (3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (Doc. No. 9); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

    This civil case, premised on diversity jurisdiction—and initially filed in the Greene County, Ohio Probate Court—is before the Court on Plaintiff Michael Lofino's motion to remand.[1]  Doc. No. 8.  Defendant Barbara Gigante filed a response in opposition, and Lofino replied.  Doc. Nos. 10, 13.  Additionally, Gigante filed a motion to dismiss.  Doc. No. 9.  Lofino responded, and the time for Gigante to reply has passed.  Doc. No. 11.  Thus, these matters are now ripe for review.

**I.    BACKGROUND**

    Lofino and Gigante are the co-trustees and the sole remaining beneficiaries of the Charles J. Lofino Trust ("Trust").  Doc. No. 2 at PageID 39-40.  Gigante asserts that the Trust is valued at over 2.5 million dollars.  Doc. No. 10 at PageID 107.  Lofino claims that Gigante's declining physical and

---

[1] Although probate cases were generally non-removable prior to 2006, the Supreme Court limited the probate exception to federal jurisdiction in *Marshall v. Marshall*, 547 U.S. 293 (2006).  Since *Marshall*, the Sixth Circuit has limited the probate exception "to three circumstances: (1) if the plaintiff seeks to probate a will; (2) if the plaintiff seeks to annul a will; and (3) if the plaintiff seeks to reach the res over which the state court had custody."  *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 801 (6th Cir. 2015) (internal quotation marks omitted).  Thus, this case does not fall within the probate exception.

mental health has made her incapable of performing her duties as trustee. *Id.* at 40-41. Lofino sued Gigante to remove her as co-trustee and to appoint a successor trustee in her place. *Id.* at PageID 42.

Lofino is a citizen of the State of Ohio, where he is domiciled. Doc. No. 16 at PageID 137. Gigante is a citizen of the State of New York, where she is domiciled. Doc. No. 15 at PageID 135. Gigante removed the case to this Court based on diversity jurisdiction on April 10, 2023. *See* Doc. No. 1. Accordingly, Gigante alleges that the parties are diverse and that the amount in controversy exceeds $75,000. Doc. No. 1 at PageID 8.

Lofino timely moved to remand on May 8, 2023. Doc. No. 8. He argues that Gigante has not met the amount in controversy requirement because he stipulates that he is only seeking attorney's fees in an amount not to exceed $74,000 and is not seeking any compensatory damages. *Id.* at PageID 84-85, 87. Additionally, Lofino contends that the trust corpus should not serve as the amount in controversy. *Id.* at 84.

Gigante opposed, claiming that the amount in controversy requirement is satisfied because Lofino's stipulation is insufficient to guarantee the amount in controversy does not exceed $75,000 and the value of the economic right Lofino seeks to protect exceeds $75,000. Doc. No. 10 at PageID 101-11. Gigante argues that five values—in addition to Lofino's attorney's fees—should be included to determine the amount in controversy: (1) Gigante's trustee fees; (2) the successor co-trustee's potential trustee fees; (3) Gigante's attorney's fees; (4) Lofino's requested distribution of $800,000; and (5) the trust corpus of over $2.5 million. *Id.*

II.     **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Two bases for jurisdiction exist: federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states than all defendants, and the amount in controversy exceeds $75,000.

28 U.S.C. § 1332(a)(1). A defendant in state court may remove a case to the federal district court "embracing the place where the action is pending" if the lawsuit meets the diversity requirements. 28 U.S.C. § 1441(b); *see also Ethington v. Gen. Elec. Co.*, 575 F.Supp.2d 855, 858 (N.D. Ohio 2008) (explaining that [t]he forum defendant rule generally prohibits defendants form removing a case" when the suit was filed "in the defendant's own home state courts").

Where, as here, a case is removed based upon diversity jurisdiction, the defendant bears the burden of pleading and proving—by a preponderance of the evidence—that the amount in controversy requirement is met. 28 U.S.C. § 1446(c)(2)(B); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Id.* (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). However, the defendant "'must do more than show a mere possibility that the jurisdiction amount is satisfied.'" *CLE Trans., LLC v. Total Trans. Network, LLC*, No. 3:21 CV 2014, 2021 WL 5919935, at *2 (N.D. Ohio Dec. 15, 2021) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)). If the Court's subject-matter jurisdiction is uncertain, the Court must resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

**III.   LAW AND ANALYSIS**

When a plaintiff is seeking non-monetary relief, "'the amount in controversy is measured by the value of the object of the litigation.'" *See Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 381 (6th Cir. 2023) (quoting *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The Court must determine the amount in controversy "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation and citation omitted). The Sixth Circuit "has never held that the costs imposed on a defendant can satisfy the amount in controversy

requirement." *Stryker*, 60 F.4th at 381 (rejecting the argument that the amount in controversy requirement could be measured by the costs a preliminary injunction would impose on the defendant). Instead, the economic value of injunctive relief is "an objective valuation of the plaintiff's future losses if he does not prevail." *Hamm v. Thunderbird Global Dev., LLC*, No. 2:22-cv-2068, 2022 WL 17663025, at *4 (S.D. Ohio Dec. 14, 2022). Additionally, statutorily authorized attorney's fees are included in establishing the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007). Because Florida law directs courts to award attorney's fees in actions regarding the exercise of trustee powers, attorney's fees are included in the amount-in- controversy calculation in this case. Fl. St. § 736.1004.

Lofino is seeking primarily non-monetary relief: the removal of Gigante as trustee and the appointment of a successor. Doc. No. 2 at PageID 42. He stipulated that he is not seeking any compensatory damages and does not seek to deny Gigante any trustee fees. Doc. No. 8 at PageID 87. Finally, he stipulated that he is seeking no more than $74,000 in attorney's fees. *Id.* Therefore, the Court must determine the value of the litigation based upon Lofino's future losses if Gigante is not removed and any attorney's fees he would receive if he prevails. The Court discusses each of the disputed values below.

First, the value of the attorney's fees Lofino seeks is less than $75,000. Doc. No. 8 at PageID 87. Gigante argues that Lofino's stipulation is insufficient to require remand because it does not include the words "binding" and "unequivocal." Doc. No. 10 at PageID 102. However, even assuming Lofino's stipulation by itself is insufficient to limit his monetary recovery, Gigante bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Heyman v. Lincoln Nat'l Ins. Co.*, 781 Fed. App'x 463, 470 (6th Cir. 2019). Gigante has not shown that Lofino's attorney's fees are more likely than not to exceed $75,000, or even the maximum amount listed in Lofino's stipulation. *See* Doc. No. 10 at PageID 102.

Second, the value of Gigante's attorney's fees is not included in the amount in controversy. As stated above, a defendant's costs are not used to satisfy the amount in controversy requirement. *Stryker*, 60 F.4th at 381. Additionally, Gigante fails to cite any case law indicating that a defendant's attorney's fees may be added to a plaintiff's attorney's fees to establish the amount in controversy. *See* Doc. No. 10 at PageID 104; *see also Tigrett v. De Vos*, No. 1:20-cv-1268, 2021 WL 1156626 at *6 (W.D. Tenn. Mar. 26, 2021) (only considering the plaintiff's attorney's fees because the "plaintiff is the 'master of the claim' and can construct a complaint to allege an amount in controversy below the jurisdictional amount").

Third, the value of the trustee fees that Gigante or the potential successor co-trustee could collect is not part of the amount in controversy. *See Tigrett*, 2021 WL 1156626 at *6 ("the fees themselves are not in controversy because this is simply another request for injunctive relief"). Lofino only seeks injunctive relief and attorney's fees. Doc. No. 2 at PageID 41-42. While removing Gigante and appointing a successor co-trustee could potentially affect the trustee fees that are ultimately paid out of the trust, this is merely speculative. Moreover, Gigante has not demonstrated the amount of trustee fees that could be paid out to Gigante or the successor. *See* Doc. No. 10 at PageID 103.

Fourth, neither the Court nor the parties could locate a case directly on point concerning whether the value of any potential future distributions of a trust contributes to the amount in controversy in an action to remove a trustee. *See* Doc. Nos. 8, 10, 13. However, speculative or collateral effects of injunctive relief are generally not included in calculating the amount in controversy. *See Jarrett-Cooper v. United Airlines, Inc.*, 586 Fed. App'x 214, 2016 (6th Cir. 2014) (instructing the district court to remand a case where the defendant "never demonstrated a logical connection between its speculative amount and the actual controversy"); *In re Impac CMB Trust Series 2004*-11, No. 13-1916, 2013 WL 5676551, at *2 (D. Minn. Oct. 18, 2013) (finding that "whatever the collateral effects a decree or judgment might have by virtue of stare decisis, collateral

5

estoppel, or any other impact on the rights or interest of third parties, […] cannot be taken into account in calculating the amount in controversy"). Although Gigante denied Lofino's request for a distribution of $800,000 from the Trust (Doc. No. 10 at PageID 107), it is merely speculative that a successor co-trustee would approve such a request. Lofino is not seeking to force Gigante to distribute any amount of money from the Trust; he is seeking to have her removed as co-trustee due to the alleged breach of her duties as trustee. Doc. No. 2 at PageID 42. Thus—resolving any doubt in favor of remand—future distributions of the Trust are not the economic value of the right Lofino seeks to protect and do not contribute to the amount in controversy. *See Brierly*, 184 F.3d at 534 (favoring remand when subject-matter jurisdiction is uncertain).

Finally, the circuits are split about whether a trust corpus contributes to the amount in controversy where removal of a trustee is sought, and the Sixth Circuit has not taken a position on the issue. *Glass v. Steinberg*, No. 3:09-cv-355, 2010 WL 6592935, at *2 (W.D. Ky. Jan. 15, 2010). While the District Court for the Western District of Kentucky takes the position in *Glass* that the trust corpus is the value of the object of the litigation in a case involving the removal and replacement of a trustee, this Court is not bound by that interpretation. *See id.* Additionally, *Glass* involved the removal of the sole trustee of a trust, which the court found could result in significant changes in distributions to the plaintiff, up to the entire value of the trust corpus. *Id.* By contrast, Lofino acts as a co-trustee of the Trust, and replacing the other co-trustee does not necessarily result in such drastic changes of power or put the entire trust corpus in dispute.

The Third Circuit takes the position that "[t]he mere request for removal of a trustee does not place the entire trust corpus into controversy[.]" *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 66 (3d Cir. 1994). The Court finds that approach appropriate in this case. Here, "[n]either the corpus of the trust[] nor [its] beneficial ownership is in controversy in this litigation." *Tigrett*, 2021 WL 1156626, at *4. Therefore, the trust corpus is not included in the amount in controversy calculation.

6

Thus, Gigante has failed to prove by a preponderance of the evidence that the amount in controversy has been met.  *See Hayes*, 266 F.3d at 572.

## IV. CONCLUSION

For the reasons stated, the Court: (1) **GRANTS** Lofino's motion to remand (Doc. No. 8); (2) **REMANDS** this case to the Greene County, Ohio Probate Court; (3) **DENIES AS MOOT** Gigante's motion to dismiss (Doc. No. 9); and (4) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

January 30, 2024                                    s/Michael J. Newman
                                                                    Hon. Michael J. Newman
                                                                    United States District Judge